

# Service of Process Transmittal
03/21/2013
CT Log Number 522355470

| | |
|---|---|
| **TO:** | Hattie Booth<br>Allstate Insurance Company<br>2775 Sanders Road, Corp Litigation --A2East<br>Northbrook, IL 60062-6127 |
| **RE:** | **Process Served in Tennessee** |
| **FOR:** | Allstate Indemnity Company (Domestic State: IL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kenneth Murphy, etc., Pltf. vs. Allstate Indemnity Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Hamilton County Circuit Court, TN<br>Case # 13C351 |
| **NATURE OF ACTION:** | Insurance Litigation - Life Insurance Benefits - Policy benefits claimed for loss to real property located in Hamilton County, Tennessee |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/21/2013 postmarked on 03/19/2013 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | On or before 30 days after service of the summons upon you |
| **ATTORNEY(S) / SENDER(S):** | John R. Meldorf, III<br>P.O. Box 1447<br>Hixon, TN 37343-1447<br>423-875-6775 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/21/2013, Expected Purge Date: 03/26/2013<br>Image SOP<br>Email Notification, Patti Cummings pgarq@allstate.com<br>Email Notification, Bill Boodro wboodro@allstate.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710<br>800-592-9023 |

Page 1 of 1 / SM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

March 14, 2013

Allstate Indemnity Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 19240

Certified Mail
Return Receipt Requested
7012 1010 0002 9224 1240
Cashier # 8002

Re: Kenneth Murphy, Et Us And Renee Ford V. Allstate Indemnity Company

Docket # 13C351

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served March 13, 2013, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Hamilton County
    625 Georgia Avenue, Rm 500
    Chattanooga, Tn 37402

# STATE OF TENNESSEE
## In the Circuit Court of Hamilton County, Tennessee

KENNETH MURPHY, et ux RENEE FORD,
Plaintiffs,

NO. 13C351

vs.

DIV.

ALLSTATE INDEMNITY COMPANY,
Defendant,

## SUMMONS

TO: Allstate Indemnity Company, c/o Department of Commerce and Insurance, 500 James Robertson Parkway, Davy Crockett Tower, Nashville, TN 37243-0565
Defendant                Address

FILED IN OFFICE 2013 MAR -4 AM 11:01 PAULA T. THOMPSON, CLERK BY DC

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this ____4____ day of ___March___, 2013.

Paula T. Thompson, Circuit Court Clerk

By _____

Attorney's for Plaintiff:   John R. Meldorf, III, Esquire
P.O. Box 1447, Hixson, TN 37343

Plaintiff's Address:   C/O John R. Meldorf, III, Esquire

Received this _____ day of _____, 2013.

/s/ _____
Deputy Sheriff

State of Tennessee,
County of Hamilton

    I, Paula T. Thompson, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

                                                  Paula T. Thompson, Circuit Court Clerk

                                                  By _____D.C.

---

    I certify that I served this summons together with the complaint as follows:

[ ]   On, _____, 2013, I delivered a copy of the summons and complaint to the defendant, _____

[ ]   Failed to serve this summons within 30 days after its issuance because:

_____

                                        Sheriff

                                        Deputy Sheriff

---

                                        <u>Clerk's Return</u>

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____, 2013.

                                        Defendant

                                        Paula T. Thompson, Circuit Court Clerk

                                        By: _____D.C.

---

### NOTICE TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| KENNETH MURPHY, et ux RENEE FORD, | ) | NO. 13C351 |
| Plaintiffs | ) | |
| VS. | ) | |
| ALLSTATE INDEMNITY COMPANY, | ) | DIVISION ____ |
| Defendant | ) | |

## COMPLAINT

Come your Plaintiffs, and would show to this Honorable Court:

1. This cause of action arose out of a loss to real property located in Hamilton County, Tennessee, and all actions that are the subject of this lawsuit occurred in said county.

2. At a point in time prior to April 27, 2011, a policy of homeowners' insurance was issued by Defendant for the benefit and protection of the Plaintiffs and their interest in a home located at 14 Fair Oaks Place, Chattanooga, Tn. This policy was designated # 935279378 12/22 by the Defendant, and was in full force and effect at all times relevant hereto. This policy had limits on loss to the real property of $192,000.

3. On April 27, 2011, Plaintiffs suffered a catastrophic loss to the subject real property when a wind storm, and resultant debris and rain, damaged said property. Among other losses, the property sustained structural damage as well, including the separation of one wall (the rear wall) from the remaining structure. This damage, in turn, caused both rain and debris damage, and related succeeding loss, to the entire house, and required the replacement of the deck attached thereto. Further, because of the separation of the rear wall from the structure, the property sustained resultant

damage to the cellar and other structural components of the home. A senior adjuster who was an employee of Defendant examined the home and advised Plaintiffs that the storm had caused so much damage to the property that the home could not be repaired within the policy limits.

4. Approximately six weeks after the senior adjuster advised Plaintiffs that the storm damage had exceeded policy limits, Defendant changed its opinion and disputed its liability for the extent of coverage under the subject policy for the loss sustained by Plaintiffs. Primarily, this dispute surrounded the loss sustained as a result of the separation of the rear wall from the remainder of the house.

5. Defendant examined the property, estimated the costs of repair related to the storm of April 27, 2011, and tendered a payment to Plaintiffs on May 19, 2011 of $73,076.29 for this loss.

6. Plaintiffs disputed the amount, contending that it was insufficient to compensate them for their loss.

7. Plaintiffs obtained the services of three other consultants, all of whom sustained the Plaintiffs' position that the damages in question to Plaintiffs' home were caused by the wind storm and related forces occurring on April 27, 2011. This information was made known to Defendant by the Plaintiffs on June 9, 2011.

8. Thereafter, Defendant employed a consultant to examine the Plaintiffs' property. His report was issued in July, 2011. It incorrectly and inaccurately minimized the losses sustained by Plaintiffs to their real property.

9. Thereafter, Plaintiffs attempted to contact Defendant on numerous occasions. In most instances, they received no reply or response to their inquiries. On other occasions, they learned that someone new had been assigned by Defendant to review their claim and Plaintiffs were required to

educate a new adjuster on the nature of their loss and the substance of their dispute with the expert's report on which the Defendant appeared to rely in making their decision on the cost of repair to the subject property.

10. Finally, on April 2, 2012, Defendant sent another letter to Plaintiffs claiming that the damages claimed by Plaintiffs were actually caused by Plaintiffs' alleged lack of mitigation of damage to the structure following the storm. Said letter failed to respond to any of the prior explanations provided by Plaintiffs for the loss sustained. However, it did state that the Defendant would "...continue to work with you to evaluate your other damages."

11. Plaintiffs at all times complied with all requests of the Defendant relative to this law, and did all that was required of them under the afore-referenced policy.

12. Further, at an appropriate time following a thorough examination of the property, Plaintiffs made demand upon the Defendant for payment under the subject policy. This demand occurred more than 60 days prior to the afore-referenced letter from Defendant to Plaintiffs on April 2, 2012, in which Defendant denied payment to Plaintiffs of the entire policy limits, having previously offered to pay only a portion thereof.

13. The policy of insurance issued by Defendant to cover the subject property for the damages it had sustained stated, in part, that should the holders of the policy believe it necessary, that a suit on the policy must be filed "...within one year after the inception of loss or damage."

14. Plaintiffs are not attorneys or insurance agents and did not employ an attorney to assist them until May 31, 2012.

15. Plaintiffs relied on the letter sent to them by Defendants on April 2, 2012, and their continued communications with agents for Defendant, in believing that the Defendant was continuing

Page 3 of 6

to work with them on various losses and claims under the subject policy. This reliance was reasonable because of, among other things, the frequent change in employees responsible for their claim and the resulting delays in response to Plaintiffs' inquiries by Defendants.

16. Further, at no time did Defendant ever notify Plaintiffs that their right to successfully being a contract claim under the subject policy ended on April 27, 2012. In fact, as recently as the April 2, 2012 letter, Defendants failed to notify Plaintiffs of this alleged obligation pursuant to the subject contract but instead, offered to continue to work with them as to their claim.

17. Plaintiffs allege that the Defendant breached its contractual obligation to them to pay for their damages pursuant to the afore-referenced policy.

18. Alternatively, Plaintiffs allege that the Defendant was guilty of fraud in the manner in which it dealt with Plaintiffs.

19. Further, Plaintiffs allege that the Defendant was under a fiduciary duty to treat Plaintiffs fairly in that they had entered into a contract of insurance upon which Plaintiffs were entitled to rely.

20. Plaintiffs allege that the damages sustained to their home, the subject real property, met or exceeded the $192,000 coverage contained in the subject policy.

21. As a direct result and proximate result of Defendant's fraud, Plaintiffs have suffered damages in the amount of $116,923.71, which Plaintiffs are entitled to have trebled pursuant to statute.

22. Pursuant to T.C.A. § 20-12-119, Plaintiffs provide the following notice:

   a. Plaintiffs are aware that a prior decision of the Tennessee Court of Appeals, Card v. Commercial Casualty Ins. Co.,[1] has held that an insurance company can define the Statute of Limitations for claims within the four corners of a contract for casualty insurance "...unless prohibited

---

[1] 93 S.W.2d 1281 (Tn. App. 1936).

by statute";

   b. Plaintiffs allege, however, that the afore-referenced statute does not apply because of the existence of a statute permitting claims on contract up to six years after the claim arose;

   c. Further, Plaintiffs allege that the afore-referenced statute does not apply because this action is claim based on the fraud and unfair dealing of Defendant towards its insureds, the Plaintiffs;

   d. However, should the Court determine that the afore-referenced statute does apply in this cause, Plaintiffs would show that this action has been brought for the purpose of extending, modifying, and/or reversing existing precedent.

22. Plaintiffs allege that the Defendant violated the Tennessee Consumer Protection Act T.C.A. § 47-18-101 et seq. in its actions towards them in this cause.

23. Alternatively, Plaintiffs allege that the Defendant violated T.C.A. § 56-7-105 by acting in bad faith in its dealings with Plaintiffs in this cause.

Wherefore, premises considered, your Plaintiffs pray:

1. For service of process on the Defendant.

2. That a jury be empaneled to try this cause.

3. That at a hearing thereon, Plaintiffs be awarded treble damages against the Defendant in the amount of $350,771.13, plus their attorney's fees and costs, as set forth by statute.

4. Alternatively, that at a hearing thereon, Plaintiffs be awarded their actual damages plus 25% for their bad faith in their dealings with Plaintiffs.

5. Alternatively, that at a hearing thereon, Plaintiffs be awarded their actual damages in the amount of $116,923.71, plus their attorney's fees and costs.

*[signature]*

JOHN R. MELDORF, III
BPR #4832
Attorney for Plaintiffs
P. O. Box 1447
Hixson, Tennessee 37343-1447
(423) 875-6775/fax: (423) 870-3465
Email: tnlawdog@mindspring.com

State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243



FIRST CLASS



7012 1010 0002 9224 1240

02 1M
0004292626   MAR 19 2013
MAILED FROM ZIP CODE 37243

7012 1010 0002 9224 1240   3/14/13
ALLSTATE INDEMNITY COMPANY
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710